**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01418 JMB |
| | ) | |
| WALGREENS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Cynthia Berry's Complaint, Application to Proceed in District Court Without Prepaying Fees or Costs and Motion for Appointment of Counsel. *See* ECF Nos. 1, 2 and 3. After reviewing the aforementioned documents, the Court will deny Plaintiff's Application to Proceed as a pauper, require her to file an Amended Complaint on a Court-provided form and deny her Motion for Appointment of Counsel, without prejudice. Plaintiff will be given 30 days to either pay the Court filing fee or file a new Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff's Amended Complaint will also be due to the Court no later than 30 days from the date of this Memorandum and Order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment of fees and costs, or in forma pauperis, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation

costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

With the filing of her Complaint, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Plaintiff states that she has no gross pay or wages and that she lacks any other income. *Id*. Plaintiff has also failed to list any additional sources of money obtained from other sources, such as disability payments. *Id.* However, Plaintiff indicates that she pays $1,200 each month in rent payments, and she has not indicated how she pays this amount each month. *Id*. at 2.

This Court takes judicial notice that in another case Plaintiff recently filed in the United States District Court for the Western District of Missouri, *see Berry v. Foley*, No. 2:26-CV-4056 (W.D. Mo. Mar. 2026), Plaintiff noted that she receives payments of Supplemental Security Income in an amount of $990.00 per month. Plaintiff did not indicate in that case, however, how she paid her monthly rent of $1,200 per month.

Based on the discrepancy in Plaintiff's financial affidavit in *Berry v. Foley*, No. 2:26-CV-4056 (W.D. Mo. Mar. 2026), and her inability to explain how she pays her monthly rent without sufficient income, this Court will deny her Application to Proceed in District Court Without Prepaying Fees and Costs at this time. For this case to proceed, Plaintiff must either pay the $405 filing fee within 30 days of the date of this Memorandum and Order or file a new Application to Proceed in District Court containing all pertinent financial information, *including all income from all sources, showing how Plaintiff is able to pay her monthly rent and pay for her monthly necessities*.

**Complaint**

Plaintiff Cynthia Berry filed this self-represented action on September 3, 2026, against Walgreens Corporation, Unknown Female Pharmacist at Walgreens at the "Clayton Road Store" in Richmond Heights, Missouri, John Doe Walgreens Employee[1] and Unknown Walgreens Employees who were involved in calling the police on Plaintiff and/or removing her from the Walgreens store on August 25, 2026. [ECF No. 1-1 at 5-6].

Plaintiff asserts that on August 25, 2026, she was experiencing shortness of breath. [ECF No. 1 at 5]. She was awaiting the arrival of two prescriptions from her regular pharmacy, Greater Health: Lisinopril and Hydrochlorothiazide. The pharmacist at Greater Health told Plaintiff, however, that he was unable to obtain her prescriptions until the next day, August 26, 2026. *Id*. Plaintiff explained to him that she was experiencing shortness of breath and asked if he could transfer her prescriptions to the Walgreens pharmacy near her home in Richmond Heights, Missouri. *Id*. The pharmacist at Greater Health instructed Plaintiff to call the Walgreens pharmacy near her and have them contact Greater Health to facilitate the transfer. *Id.* Plaintiff called Walgreens in Richmond Heights, Missouri, and spoke to an unidentified person at 1:00 p.m. and spoke to the pharmaceutical department. *Id*. Plaintiff was told that they would call Greater Health Pharmacy to transfer Plaintiff's prescriptions. *Id*.

The first part of Plaintiff's Complaint is six pages, and it is handwritten on the Court-form. [ECF No. 1 at 1-6]. However, the second portion of Plaintiff's Complaint is 18 pages and typewritten. [ECF No. 1-1 at 1-18]. The two documents make review of Plaintiff's Complaint extremely difficult, as the Court is unable to discern exactly what claims Plaintiff is bringing

---

[1] The docket sheet mistakenly refers to this Defendant as "Joe Doe Employee." However, within the Complaint, Plaintiff refers to Defendant as "John Doe Employee." The Court will instruct the Clerk to update the docket.

against what Defendants. For this reason, the Court will require Plaintiff to amend her pleading on a Court-provided form so that all of Plaintiff's allegations are set forth in one Amended Complaint. Plaintiff will be required to set forth, in separately numbered paragraphs against each Defendant, every claim that she has against that Defendant.[2]

**Instructions for Amending the Complaint**

An Amended Complaint will entirely replace the original Complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims that are not realleged in an Amended Complaint will be deemed abandoned. *See id.* Plaintiff must type or neatly print the Amended Complaint on the Court's Civil Rights Complaint Form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the form, Plaintiff should write the name of any Defendant she intends to sue. *See* Fed. R. Civ. P. 10(a). In the "Statement of Claim" section, Plaintiff should begin by writing a Defendant's name. Then, in separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting her claim against that Defendant, and (2) state what laws that Defendant violated. If Plaintiff is suing more than one Defendant, she shall proceed similarly with each one, separately writing each Defendant's name and, under that name, in numbered paragraphs, the allegations specific to that Defendant and the law(s) that Defendant violated. Plaintiff should avoid including unnecessary details in the Amended Complaint, such as citations to case law. Plaintiff will have the opportunity to present evidence and argument in support of her claims if the case proceeds to the next stage of litigation.

---

[2] Plaintiff is also required to fill in the Jurisdiction portion of the Court-form on page three. Federal courts are courts of limited jurisdiction. If Plaintiff is asserting only state law claims for relief (such as negligence, intentional infliction of emotional distress, defamation, etc.), she will need to explain why she believes the amount in controversy in this action is above the Diversity Jurisdiction limit of $75,000. On the other hand, if Plaintiff is asserting Federal Statutory claims or Constitutional claims, she should designate such allegations in her Amended Complaint under the Jurisdictional statement.

If Plaintiff names a single Defendant, she may set forth as many claims as she has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, she may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claims. Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each Defendant sufficiently to provide notice to the Defendant regarding what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").

After submission of the Amended Complaint, the Court will review Plaintiff's pleading for frivolousness, maliciousness and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Motion for Appointment of Counsel**

Plaintiff filed a Motion for Appointment of Counsel simultaneously with the filing of her Complaint. [ECF No. 3]. The motion will be denied at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith,* 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance

of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court's Civil Complaint form and a form Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that the Clerk shall change the name of Defendant "Joe Doe Employee" to "John Doe Employee" on the Court's docket.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee **within 30 days of the date of this Memorandum and Order or file a new Application to Proceed in District Court Without Prepaying Fees or Costs within 30 days of the date of this Memorandum and Order.** If Plaintiff chooses to file a new Application, the Application must include information

detailing all financial income obtained from all sources, showing how Plaintiff can pay her monthly rent and pay for her monthly necessities.

**IT IS FURTHER ORDERED** that **within 30 days of the date of this Memorandum and Order**, Plaintiff shall file an Amended Complaint on a Civil Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED without prejudice at this time.**

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Memorandum and Order in all relevant aspects will result in a dismissal of this action, without prejudice.

Dated this 9th day of September, 2026.

***/s/ John M. Bodenhausen***
JOHN B. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE